IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IVEY GRANT, | :: | PRISONER HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| SHANNON D. WITHERS, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:17-CV-3041-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison camp in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and paid the filing fee. (Doc. 1.)

In 2011, a jury in this Court convicted Petitioner of conspiring to distribute at least 100 kilograms of marijuana. Verdict, *United States v. Grant*, No. 1:09-cr-482-TWT-LTW-5 (N.D. Ga. Aug. 25, 2011). The Court denied Petitioner's motion for new trial and sentenced him to 108 months of imprisonment and five years of supervised release. *Id.*, ECF Nos. 362, 363. The court of appeals affirmed the judgment of conviction. *United States v. Grant*, 521 F. App'x 841 (11th Cir. 2013).

In 2014, the Court denied Petitioner's motion challenging the judgment under 28 U.S.C. § 2255. *Grant*, No. 1:09-cr-482-TWT-LTW-5, ECF No. 421. Petitioner claimed in his § 2255 motion that his trial counsel rendered ineffective assistance,

including by failing to move to dismiss the indictment, and that his conviction and sentence otherwise violated his constitutional rights. *Id.*, ECF No. 401. Both this Court and the court of appeals denied Petitioner a certificate of appealability to appeal the denial of relief under § 2255. *Id.*, ECF Nos. 431, 442. The court of appeals also denied Petitioner's motion for reconsideration. *Id.*, ECF No. 444.

In 2015, Petitioner and the government filed a joint motion to reduce Petitioner's sentence pursuant to an amendment to the U.S. Sentencing Guidelines. *Id.*, ECF No. 450. The Court granted that motion and reduced Petitioner's prison sentence by eleven months. *Id.*, ECF No. 451.

Having failed in all his prior challenges to his judgment of conviction, Petitioner now seeks relief under 28 U.S.C. § 2241, the general habeas corpus statute. (Doc. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts requires a federal court to screen a habeas petition prior to any answer or other pleading.[1] Rule 4 requires a court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[1] The Rules apply to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. R. 1(b), Rules Governing § 2254 Cases.

2

court," i.e., when the petition appears legally insufficient on its face.[2] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994).

> Petitioner asserts one claim in his habeas petition. (Doc. 1-1.) That claim is that
>
> > his defense counsel's performance was constitutionally defi[ci]ent because he did not exercise reasonable professional judgment when he, among other things, failed to object to the indictment. That deficiency prejudiced Petitioner by undermining the reliability of the outcome of his trial which rested on the testimony and credibility of [the] government's witnesses, namely Marlon Burton and Otoniel Herrera. These two key government witnesses had agreed to implicate Petitioner directly in their alleged drug smuggling business which [Petitioner] had absolutely nothing to do with.

(*Id.* at 3.)

Petitioner recognizes that his petition challenges his judgment of conviction and that the law generally bars such a challenge in a habeas action if the court has denied relief under § 2255. (*Id.* at 5-9.) The only exception to that bar is if a petitioner shows that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That statutory provision is known as § 2255's "saving clause." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081-82 (11th Cir. 2017) (en banc).

---

[2] District courts may sua sponte dismiss a habeas petition under Rule 4 after affording the parties fair notice, which this Report and Recommendation provides. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006).

3

"The applicability of the saving[] clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013). The petitioner bears the burden of affirmatively showing that the saving clause applies, i.e., that the § 2255 remedy is inadequate or ineffective for the claims in the § 2241 petition. *Id.* at 1337.

A federal prisoner cannot obtain relief via the saving clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc). That provision strips district courts of jurisdiction to entertain a second or successive § 2255 motion unless the movant first obtains permission from the court of appeals to file another § 2255 motion. 28 U.S.C. §§ 2255(h), 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."). Petitioner has not obtained permission from the court of appeals to file another § 2255 motion.

Petitioner contends that he can obtain relief under § 2241 via the saving clause because the U.S. Supreme Court has recognized exceptions to the review of

4

procedurally defaulted claims in habeas cases. (Doc. 1-1 at 6-7.) Specifically, Petitioner asserts that *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) allows him to pursue his ineffective assistance of counsel claim under § 2241 by showing that he is actually innocent of the crime for which he was convicted. (*Id.*)

Petitioner's reliance on *McQuiggin* is misplaced because that case did not involve a successive challenge to a federal judgment of conviction. *McQuiggin* involved a state prisoner who filed his first habeas petition in federal court after the statute of limitations expired. *McQuiggin*, 133 S. Ct. at 1928-29. "To overcome" the time limitation, the petitioner "asserted newly discovered evidence of actual innocence." *Id.* at 1929. The issue before the Supreme Court was "whether [the] statute of limitations can be overcome by a showing of actual innocence." *Id.* at 1930. The Supreme Court held that a showing of actual innocence can "overcome expiration of the statute of limitations governing a first federal habeas petition." *Id.* at 1934.

The U.S. Court of Appeals for the Eleventh Circuit rejected a claim by a federal prisoner virtually identical to the one Petitioner asserts here – that after being denied relief under § 2255, "because he is actually innocent, his § 2241 petition should be heard in light of *McQuiggin*." *Candelario v. Warden*, 592 F. App'x 784, 785 (11th Cir. 2014). "The *McQuiggin* Court emphasized that its holding concerned an initial

5

habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners." *Id. McQuiggin* thus does not apply to Petitioner's attempt to obtain relief under § 2241 via the saving clause. But another precedent does.

Earlier this year, the U.S. Court of Appeals for the Eleventh Circuit, sitting en banc, clarified the meaning of the saving clause's "inadequate or ineffective" language and what a federal prisoner who has been denied relief under § 2255 must show to obtain relief under the saving clause. *McCarthan*, 851 F.3d at 1081-99; *see* 28 U.S.C. § 2255(e). The court of appeals held that a § 2255 motion "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099. Put simply, the "remedy by [§ 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." *Id.* at 1088.

Petitioner's claim in his § 2241 petition that his trial counsel rendered ineffective assistance by not objecting to the indictment was capable of adjudication in his § 2255 proceedings. Not only could Petitioner have asserted that claim in the § 2255 proceedings, he did, in fact, assert that his counsel was ineffective for not objecting to the indictment on another ground (that it was not returned in open court). *Grant*, No. 1:09-cr-482-TWT-LTW-5, ECF No. 401, at 13-14. Section § 2255 provided an

6

adequate remedy for Petitioner's new claim of ineffective assistance of counsel, just as it did for his earlier claims of ineffective assistance of counsel.

"Because [Petitioner] filed a traditional claim attacking his [conviction] that he could have brought in a motion to vacate, the remedy by [§ 2255] motion is adequate and effective to test the legality of his detention" and the saving clause does not apply. *See McCarthan*, 851 F.3d at 1090; *see Gilbert*, 640 F.3d at 1295, 1324. The Court thus lacks jurisdiction to entertain Petitioner's challenge to his judgment of conviction under § 2241.

Accordingly, **IT IS RECOMMENDED** that the petition [1] be dismissed for lack of jurisdiction.

**SO RECOMMENDED** this 21 day of August, 2017.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE